UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN JEROME LINDSEY,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>BRIAN K. BIRKHOLTZ,<br><br>　　　　　Respondent. | Case No. 2:22-cv-6793-FLA (MAR)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

　　　　Pursuant to 28 U.S.C. § 636, the court has reviewed the Petition, the records on file, and the Report and Recommendation of the United States Magistrate Judge.  No objections have been filed.  The court accepts the recommendation of the Magistrate Judge but clarifies the court's reasoning below.

　　　　First, the court notes that it is unclear whether Petitioner's "purely legal" argument qualifies as a claim of "actual innocence" for purposes of qualifying for the escape hatch.  *Compare Marrero v. Ives*, 682 F.3d 1190, 1193 (9th Cir. 2012) (finding claim did not qualify as a claim of "actual innocence" under the escape hatch where it was based on a non-retroactive interpretation of sentencing guidelines and petitioner did not argue they were factually innocent of the predicate crimes), *with Allen v. Ives*, 950 F.3d 1184 (9th Cir. 2020) (finding claim qualified as claim of "actual innocence" under the escape hatch where there was a

1  retroactive change of law which transformed the predicate crime for an imposed
2  sentence into a non-predicate crime).
3       Nevertheless, Petitioner is not entitled to relief.  Whether Petitioner is
4  arguing that he is actually innocent of bank robbery under 18 U.S.C. § 2113(a) and
5  (d), or the sentencing enhancement under 18 U.S.C. § 924(c)(1)(A), because bank
6  robbery no longer qualifies as a crime of violence under the reasoning of *Borden v.*
7  *United States*, 141 S. Ct. 1817 (2021), he cannot prove actual innocence.  Under
8  post-*Borden* authority in this Circuit and the Eleventh Circuit where Petitioner was
9  convicted, bank robbery under 18 U.S.C. § 2113 remains a crime of violence
10 within the meaning of 18 U.S.C. § 924(c).  *See United States v. Buck*, 23 F.4th 919,
11 929 (9th Cir. 2022) ("[W]e have already recognized that § 2113(d) is a crime of
12 violence under the elements clause of § 924(c)(3).") (citing *United States v.*
13 *Watson*, 881 F.3d 782, 786 (9th Cir. 2018) (per curiam)); *see also United States v.*
14 *Joseph*, No. 19-16967, 2022 WL 850036, at *1 (9th Cir. Mar. 22, 2022) (affirming,
15 post-*Borden*, that armed bank robbery under 18 U.S.C. § 2113, even as an aider
16 and abettor, qualifies as a predicate crime of violence for purposes of 18 U.S.C. §
17 924(c)); *Henderson v. United States*, No. 21-11740, 2023 WL 1860515, at *1 (11th
18 Cir. Feb. 9, 2023) (affirming that a § 2113 conviction is a crime of violence and is
19 a qualifying offense for a § 924(c) enhancement).
20      Finally, the Report and Recommendation misidentifies *Rowe v. United*
21 *States* as Ninth Circuit authority and contains a typographical error in the citation.
22 ECF No. 20 at 7.  The proper citation is *Rowe v. United States*, No. 17-cv-0784-
23 CAS, 2017 WL 6885601 (C.D. Cal. Nov. 3, 2017), aff'd, No. 17-56681, 2019 WL
24 11880578 (9th Cir. Feb. 27, 2019).  However, in light of the authority cited above,
25 which shows that Petitioner's conviction pursuant to 18 U.S.C. § 2113 continues to
26 qualify as a crime of violence within the meaning of 18 U.S.C. § 924(c), the court
27 need not rely on *Rowe* to determine the outcome here.  Accordingly, the court does
28

not adopt the Report and Recommendation to the extent it relies on *Rowe* as authority.

  IT IS THEREFORE ORDERED that Judgment be entered (1) granting the Motion to Dismiss; and (2) dismissing the Petition with prejudice.

Dated: August 16, 2023

                _____
                FERNANDO L. AENLLE-ROCHA
                United States District Judge